IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01379-BNB

ELDRIDGE L. GRIFFIN,

      Plaintiff,

v.

TIM HAND, Division of Colorado Adult Parole,
PAROLE OFFICER ROBERTS,
AMY COSNER, Department of Corrections (D.O.C.),
RAIDAH SHEPARD, Denver Diagnostics Receptionist Center (D.R.D.C.),
JOHN HICKENLOOPER,
RICHARD M. BORCHERS, Special Master, United States District Court,
MS. BETH McCANN, Office of the Attorney General, and
ELIZABETH NICHOLS, MA, Territorial Corrections Facility,

      Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Eldridge L. Griffin, is a prisoner in the custody of the Colorado Department of Corrections at the Sterling Correctional Facility in Sterling, Colorado. Mr. Griffin has filed *pro se* a Prisoner Complaint (ECF No. 1) asserting claims pursuant to 42 U.S.C. § 1983 in which he alleges that his rights under the United States Constitution have been violated. Mr. Griffin also asserts one or more claims pursuant to Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, and the Americans with Disabilities Act ("ADA"). He seeks damages and injunctive relief.

The court must construe the Prisoner Complaint liberally because Mr. Griffin is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be

an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated

below, Mr. Griffin will be ordered to file an amended complaint if he wishes to pursue his

claims in this action.

The Court has reviewed the Prisoner Complaint and finds that the Prisoner

Complaint does not comply with the pleading requirements of Rule 8 of the Federal

Rules of Civil Procedure.  The twin purposes of a complaint are to give the opposing

parties fair notice of the basis for the claims against them so that they may respond and

to allow the court to conclude that the allegations, if proven, show that the plaintiff is

entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American*

*Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of

Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications*

*Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d

1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a complaint "must contain (1)

a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and

plain statement of the claim showing that the pleader is entitled to relief; and (3) a

demand for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1),

which provides that "[e]ach allegation must be simple, concise, and direct."  Taken

together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity

by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate Rule 8.

It is not clear exactly who Mr. Griffin is suing in this action because various

Defendants listed in the caption of the Prisoner Complaint are not mentioned at all in

connection with the claims Mr. Griffin is asserting.  Mr. Griffin also includes factual

allegations in support of the claims he is asserting that relate to individuals who are not

2

named as Defendants.  Part of the confusion regarding who Mr. Griffin is suing also

stems from the manner in which he lists the Defendants in the caption of the Prisoner

Complaint.  Pursuant to Rule 10.1J. of the Local Rules of Practice of the United States

District Court for the District of Colorado-Civil, "[p]arties shall be listed in a caption with

one party per line.  The proper name of a party shall be in capital letters, and any

identifying text shall be in upper and lower case immediately following the proper name."

Mr. Griffin also fails to provide a short and plain statement of his claims showing

that he is entitled to relief, primarily because the Prisoner Complaint consists of

apparently disparate factual allegations, some of which relate to incidents dating back to

the 1995, that are not clearly relevant to the claims he is asserting.  Because it is not

clear whether the factual allegations in the Prisoner Complaint are related, it is not clear

that the Defendants against whom Mr. Griffin may be asserting his claims properly are

joined in one lawsuit.  For example, it is not clear that the Defendants against whom Mr.

Griffin is asserting his claim or claims regarding his parole properly are joined in one

lawsuit with the Defendants against whom he is asserting his claim or claims of disability

discrimination while in prison.  Pursuant to Rule 18(a) of the Federal Rules of Civil

Procedure, "[a] party asserting a claim . . . may join, as independent or alternative

claims, as many claims as it has against an opposing party."  However, the issue of

whether multiple Defendants may be joined in a single action is governed by Rule

20(a)(2) of the Federal Rules of Civil Procedure, which provides:

> (2) **Defendants**.  Persons . . . may be joined in one action as
> defendants if:
>
>> (A) any right to relief is asserted against them
>> jointly, severally, or in the alternative with

respect to or arising out of the same
transaction, occurrence, or series of
transactions or occurrences; and

(B) any question of law or fact common to all
defendants will arise in the action.

Fed. R. Civ. P. 20(a).  If Mr. Griffin is not asserting claims against all of the Defendants

that arise out of the same transaction, occurrence, or series of transactions or

occurrences, and that raise a question of law or fact common to all Defendants, he may

not sue all of the Defendants in one action.

In order for the court to determine whether all of the Defendants properly are

joined in one action, Mr. Griffin must identify, clearly and concisely, the specific claims

he is asserting, against which Defendant or Defendants he is asserting each claim, and

what each Defendant did that allegedly violates his rights.  The general rule that *pro se*

pleadings must be construed liberally has limits and "the court cannot take on the

responsibility of serving as the litigant's attorney in constructing arguments and

searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840

(10th Cir. 2005).  Therefore, Mr. Griffin will be ordered to file an amended complaint that

provides a short and plain statement of each claim he is asserting if he wishes to pursue

his claims in this action.

In order to state a claim in federal court, Mr. Griffin "must explain what each

defendant did to him or her; when the defendant did it; how the defendant's action

harmed him or her; and, what specific legal right the plaintiff believes the defendant

violated."  *Nasious v. Two Unknown B.I.C.E. Agents*, 492  F.3d 1158, 1163 (10th Cir.

2007).  In addition, § 1983 "provides a federal cause of action against any person who,

acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*,

526 U.S. 286, 290 (1999); *see also Wyatt v. Cole*, 504 U.S. 158, 161 (1992) ("[T]he

purpose of § 1983 is to deter state actors from using the badge of their authority to

deprive individuals of their federally guaranteed rights and to provide relief to victims if

such deterrence fails."). Therefore, with respect to his constitutional claims asserted

pursuant to § 1983, Mr. Griffin should name as Defendants in his amended complaint

only those persons that he contends actually violated his federal constitutional rights.

Mr. Griffin may be naming supervisory officials as Defendants in connection with

his constitutional claims. However, personal participation is an essential allegation in a

civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To

establish personal participation, Mr. Griffin must show that each Defendant caused the

deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).

There must be an affirmative link between the alleged constitutional violation and each

Defendant's participation, control or direction, or failure to supervise. *See Butler v. City

of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). With respect to supervisory officials, a

Defendant may not be held liable for the unconstitutional conduct of his or her

subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662,

676 (2009). Furthermore,

> when a plaintiff sues an official under *Bivens* or § 1983 for
> conduct "arising from his or her superintendent
> responsibilities," the plaintiff must plausibly plead and
> eventually prove not only that the official's subordinates
> violated the Constitution, but that the official by virtue of his
> own conduct and state of mind did so as well.

*See Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S.

at 677).  Therefore, in order to succeed in a § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation."  *Id.* at 1199.  Accordingly, it is

ORDERED that Mr. Griffin file, **within thirty (30) days from the date of this order**, an amended Prisoner Complaint that complies with the pleading requirements of the Federal Rules of Civil Procedure as discussed in this order.  It is

FURTHER ORDERED that Mr. Griffin shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Griffin fails to file an amended Prisoner Complaint that complies with this order within the time allowed, the action will be dismissed without further notice.

DATED May 31, 2012, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge