IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01379-BNB

ELDRIDGE L. GRIFFIN,

Plaintiff,

v.

JOHN HICKENLOOPER, et al., Governor State of Colorado,
TOM CLEMENTS, et al., Executive Director of Department of Corrections,
PAROLE OFFICER ROBERTS, Division Adult Parole, and in personal and official capacity,
RAIDAH SHEPARD, MD Denver Reception Diagnostic Center, and in personal and official capacity,
AMY COSNER, Legal Services, Department of Correction, and in personal and official capacity,
BERNADETTE SCOTT, ADA Facility Coordinator, SCF, and in personal and official capacity, and
JANE AND JOHN DOE, Unknown Individuals, Nurse DRDC,

Defendants.

---

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

---

Plaintiff, Eldridge L. Griffin, is a prisoner in the custody of the Colorado Department of Corrections (DOC) at the Sterling Correctional Facility in Sterling, Colorado. Mr. Griffin initiated this action by filing *pro se* a Prisoner Complaint (ECF No. 1). On May 31, 2012, Magistrate Judge Boyd N. Boland ordered Mr. Griffin to file an amended complaint that complies with the pleading requirements of the Federal Rules of Civil Procedure. On July 12, 2012, Mr. Griffin filed an amended Prisoner Complaint (ECF No. 14). He seeks damages as relief.

Pursuant to 28 U.S.C. § 1915A, the Court is required to review the amended

Prisoner Complaint because Mr. Griffin is a prisoner and he is seeking redress from officers or employees of a governmental entity. Pursuant to § 1915A(b)(1), the Court is required to dismiss the amended Prisoner Complaint, or any portion of the amended Prisoner Complaint, that is frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). For the reasons stated below, the Court will dismiss the amended Prisoner Complaint in part as legally frivolous.

The Court must construe the amended Prisoner Complaint liberally because Mr. Griffin is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the amended Prisoner Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id.*

Mr. Griffin asserts three claims for relief in the amended Prisoner Complaint. He first claims that he was imprisoned illegally at the El Paso County Jail pursuant to a parole hold for more than fourteen months following his arrest on September 9, 2010. According to Mr. Eldridge, he should have received a parole revocation hearing within thirty days of his arrest as required under state law. Mr. Griffin asserts that the parole hold was placed by Parole Officer Roberts. He also seeks to hold Colorado Governor John Hickenlooper and DOC Executive Director Tom Clements liable for the alleged

constitutional violation stemming from what Mr. Griffin contends was an illegal parole hold.

Mr. Griffin's second claim in the amended Prisoner Complaint relates to medical treatment he received in 2008 while he was incarcerated at the Denver Reception and Diagnostic Center. Mr. Griffin alleges in support of the medical treatment claim that he was denied high blood pressure medication on April 29, 2008, by an unknown nurse and that his life was endangered and he was forced to declare a medical emergency several days later when he was suffering from a severe migraine headache caused by the denial of his high blood pressure medication. Mr. Griffin further alleges in support of his medical treatment claim that Dr. Shepard committed malpractice by prescribing an overdose of medication in response to Mr. Griffin's medical emergency that nearly resulted in his death. In addition to asserting his medical treatment claim against Dr. Shepard and the unknown nurse, Mr. Griffin also asserts the medical treatment claim against Governor Hickenlooper and DOC Executive Director Clements.

Mr. Griffin's third claim in the amended Prisoner Complaint relates to alleged discrimination by prison officials because of a vision disability. Mr. Griffin specifically claims that the alleged disability-based discrimination violates his rights under Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12132, and § 504 of the Rehabilitation Act of 1973 (Rehabilitation Act), 29 U.S.C. § 794. He apparently also asserts claims pursuant to 42 U.S.C. § 1983 in which he contends that his constitutional rights have been violated as a result of the disability-based discrimination. Mr. Griffin asserts the disability-based discrimination claim against Governor Hickenlooper, DOC Executive Director Clements, Amy Cosner, and Bernadette Scott, although he

specifically alleges only that he was denied accommodations for his vision disability by Defendants Cosner and Scott.

Before addressing the merits of his specific claims, the Court will address the personal participation of Governor Hickenlooper and DOC Executive Director Clements, both of whom are sued only in their individual capacities. Because it is apparent that Mr. Griffin has named Governor Hickenlooper and DOC Executive Director Clements as Defendants based solely on their supervisory roles in the State of Colorado and the DOC, they will be dismissed as parties to this action for lack of personal participation.

Magistrate Judge Boland advised Mr. Griffin that personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Griffin must show that each Defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). Thus, a supervisory official may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009). Furthermore,

> when a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*See Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 129 S.

Ct. at 1949). Therefore, in order to succeed in a § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id*. at 1199.

With respect to both Governor Hickenlooper and DOC Executive Director Clements, Mr. Griffin fails to allege the existence of any official state or DOC policy that caused the constitutional injuries he allegedly suffered or that either of these Defendants acted with the state of mind necessary to establish a constitutional violation. Therefore, the claims asserted against Governor Hickenlooper and DOC Executive Director Clements are legally frivolous and they will be dismissed as parties to this action.

Mr. Griffin's claim regarding his allegedly illegal imprisonment pursuant to a parole hold following his arrest on September 9, 2010, the first claim in the amended Prisoner Complaint, also will be dismissed because that claim is barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994). Pursuant to *Heck*, if a judgment for damages necessarily would imply the invalidity of a criminal conviction or sentence, the action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ. *See Heck*, 512 U.S. at 486-87. Although Mr. Griffin is not challenging the validity of his conviction or sentence, the rule in *Heck* also applies to his claim challenging the allegedly illegal parole hold. *See Crow*

*v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996) (per curiam) (stating that *Heck* applies to proceedings related to parole and probation). In short, a civil rights action filed by a state prisoner "is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

It is indisputable that Mr. Griffin's claim challenging the allegedly illegal parole hold implicates the validity of his confinement pursuant to that parole hold. Furthermore, Mr. Griffin does not allege, and there is no indication in the amended Prisoner Complaint, that he has invalidated the allegedly illegal confinement he is challenging. Although it is not clear whether Mr. Griffin still may challenge the allegedly illegal confinement, there is no indication that he was unable to challenge the allegedly illegal parole hold during the fourteen-month period he alleges he was subjected to the allegedly illegal parole hold. *See Cohen v. Longshore*, 631 F.3d 1311, 1316-17 (10th Cir. 2010) (holding that the rule in *Heck* does not apply to a petitioner who is unable to obtain habeas relief as long as the inability to obtain habeas relief does not stem from a lack of diligence). Therefore, the Court finds that Mr. Griffin's claim for damages challenging the allegedly illegal parole hold is barred by the rule in *Heck* and must be dismissed. The dismissal will be without prejudice. *See Fottler v. United States*, 73 F.3d 1064, 1065 (10th Cir. 1996). Because the illegal parole hold claim is the only claim asserted against Parole Officer Roberts, he will be dismissed as a party to this action.

The Court next will address Mr. Griffin's medical treatment claim, the second

claim in the amended Prisoner Complaint. Mr. Griffin specifically claims that the denial of medical treatment in 2008 violates his rights under the Eighth Amendment. To establish liability under the Eighth Amendment, Mr. Griffin must show, in part, that the Defendants acted with deliberate indifference to his health or safety. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Deliberate indifference means that "a prison official may be held liable . . . only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847.

Mr. Griffin's medical treatment claim will be dismissed because the facts Mr. Griffin alleges in support of that claims do not demonstrate that either the unknown nurse or Dr. Shepard acted with deliberate indifference. With respect to the unknown nurse, Mr. Griffin alleges only that she advised Mr. Griffin he could not get any medication until he was seen by the facility doctor. With respect to the overdose of medication allegedly prescribed by Dr. Shepard, Mr. Griffin alleges only that Dr. Shepard was negligent. Mr. Griffin does not allege that either the unknown nurse or Dr. Shepard knew he faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it.

At best, Mr. Griffin's allegations in support of his medical treatment claim indicate the unknown nurse and Dr. Shepard may have been negligent. However, Mr. Griffin cannot state a cognizable Eighth Amendment claim based on a negligence theory. *See Whitley v. Albers*, 475 U.S. 312, 319 (1986) (stating that cruel and unusual punishment involves more than ordinary lack of due care for a prisoner's interests and safety). Medical malpractice is not a constitutional violation merely because the alleged victim is

a prisoner. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Even if Defendants were grossly negligent, the Eighth Amendment claim against him still must be dismissed because deliberate indifference requires a higher degree of fault than gross negligence. *See Berry v. City of Muskogee*, 900 F.2d 1489, 1495 (10th Cir. 1990).

The Court also notes that Mr. Griffin's medical treatment claim is barred by the two-year statute of limitations that applies to § 1983 actions in Colorado. *See Blake v. Dickason*, 997 F.2d 749, 750-51 (10th Cir. 1993). Although the statute of limitations is an affirmative defense, *see* Fed. R. Civ. P. 8(c)(1), the Court may dismiss a claim *sua sponte* on the basis of an affirmative defense if the defense is "obvious from the face of the complaint" and "[n]o further factual record [is] required to be developed in order for the court to assess the [plaintiff's] chances of success." *Yellen v. Cooper*, 828 F.2d 1471, 1476 (10th Cir. 1987); *see also Fratus v. DeLand*, 49 F.3d 673, 676 (10th Cir. 1995) (stating that dismissal under § 1915 on the basis of an affirmative defense is permitted "when the claim's factual backdrop clearly beckons the defense").

It is obvious on the face of the Prisoner Complaint that Mr. Griffin's Eighth Amendment claim accrued in 2008 when he contends he was denied adequate medical treatment. However, Mr. Griffin did not file the instant action until May 2012. As a result, it is clear that the medical treatment claim is barred by the statute of limitations. Because the medical treatment claim is the only claim asserted against the unknown nurse and Dr. Shepard, they will be dismissed as parties to this action.

The Court will not address at this time the merits of Mr. Griffin's third claim for relief in the amended Prisoner Complaint, the disability-based discrimination claim, that is asserted against Defendants Cosner and Scott in their individual and official

capacities. Instead, the action will be drawn to a district judge and to a magistrate judge as provided in D.C.COLO.LCivR 8.2D because the Court has completed its review pursuant to D.C.COLO.LCivR 8.2C. Accordingly, it is

ORDERED that the claims asserted against Defendants John Hickenlooper and DOC Executive Director Tom Clements are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915A(b)(1). It is

FURTHER ORDERED that Mr. Griffin's illegal parole hold claim (claim one in the amended Prisoner Complaint) is dismissed without prejudice as barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994). It is

FURTHER ORDERED that Mr. Griffin's medical treatment claim (claim two in the amended Prisoner Complaint) is dismissed as legally frivolous pursuant to 28 U.S.C. § 1915A(b)(1). It is

FURTHER ORDERED that Defendants John Hickenlooper, DOC Executive Director Tom Clements, Parole Officer Roberts, Raidah Shepard, and the Defendant identified as Jane and John Doe are dismissed as parties to this action. It is

FURTHER ORDERED that this case shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this 10th day of September, 2012.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court