IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01379-WJM-MJW

ELDRIDGE GRIFFIN,

Plaintiff,

v.

AMY COSNER and
BERNADETTE SCOTT,

Defendants.

**RECOMMENDATION ON
DEFENDANTS' MOTION TO DISMISS (Docket No. 46)**

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This case is before this court pursuant to an Order Referring Case (Docket No. 25) issued by Judge William J. Martinez on September 11, 2012.

**PLAINTIFF'S ALLEGATIONS**

Pro se plaintiff Eldridge Griffin's Amended Complaint (Docket No. 14) contains three claims for relief. Claim One alleges plaintiff was illegally imprisoned pursuant to a parole hold following his arrest on September 9, 2010. Claim Two relates to medical treatment plaintiff received in 2008 while he was incarcerated at the Denver Reception and Diagnostic Center. Claim Three relates to alleged discrimination by prison officials because of a vision disability. Plaintiff seeks monetary damages, including actual damages, compensatory damages, punitive damages, and future damages. Plaintiff's Amended Complaint lists the specific dollar amounts sought for his various claims.

2

On September 10, 2012, Judge Babcock entered an Order (Docket No. 23) dismissing Defendants John Hickenlooper and Tom Clements. In addition, Judge Babcock dismissed plaintiff's Claim One and Claim Two. Plaintiff was permitted to proceed with Claim Three as against Defendants Amy Cosner and Bernadette Scott.

Plaintiff's Claim Three alleges his rights were violated and he was discriminated against when he was denied requested accommodations for a vision disability. Claim Three contains five distinct claims for relief. Specifically, plaintiff alleges that: (1) his rights were violated under the Americans with Disabilities Act ("ADA") and the Rehabilitation Act ("Rehab Act") when he was denied corrective lenses; (2) his rights were violated under the Fourteenth Amendment for failure to provide due process and equal protection as related to his liberty interest in receiving a GED; (3) he subjected to cruel and unusual punishment pursuant to the Eighth Amendment because of the lack of accommodations for his disability; (4) his access to the courts was impeded pursuant to the Sixth Amendment because he was not properly accommodated; and (5) he was retaliated against in violation of the First Amendment when he was ordered to stop asking staff for help with his legal work.

**PENDING MOTION**

Now before the court for a report and recommendation is Defendants' Motion to Dismiss (Docket No. 46). Therein, defendants argue, among other things, that: (1) plaintiff's claims for money damages against defendants in their official capacities are barred by the Eleventh Amendment; and (2) plaintiff's claims for money damages fail pursuant to the Prison Litigation Reform Act ("PLRA") because plaintiff failed to allege a physical injury.

3

The court has carefully considered plaintiff's Amended Complaint (Docket No. 14), the motion to dismiss (Docket No. 46), plaintiff's response (Docket No. 69), and defendants' reply (Docket No. 72). In addition, the court has taken judicial notice of the court's file, and has considered the applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and recommendations.

Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A motion to dismiss pursuant to Rule 12(b)(6) alleges that the complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." Id. at 555 (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. "[A] plaintiff must 'nudge [] [his] claims across the line from conceivable to plausible' in order to survive a motion to dismiss. . . . Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007)

4

(quoting Twombly, 550 U.S. at 570).

The Tenth Circuit Court of Appeals has held "that plausibility refers 'to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" Khalik v. United Air Lines, 671 F.3d 1188, 1191 (10th Cir. 2012). The court has further "noted that '[t]he nature and specificity of the allegations required to state a plausible claim will vary based on context.'" Id. The court thus "concluded the *Twombly/Iqbal* standard is 'a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the Court stated will not do.'" Id.

For purposes of a motion to dismiss pursuant to Rule 12(b)(6), the court must accept all well-pled factual allegations in the complaint as true and resolve all reasonable inferences in the plaintiff's favor. Morse v. Regents of the Univ. of Colo., 154 F.3d 1124, 1126-27 (10th Cir. 1998); Seamons v. Snow, 84 F.3d 1226, 1231-32 (10th Cir. 1996). However, "when legal conclusions are involved in the complaint 'the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to [those] conclusions' . . . ." Khalik, 671 F.3d at 1190 (quoting Ashcroft v. Iqbal, 556 U.S. 662 (2009)). "Accordingly, in examining a complaint under Rule 12(b)(6), [the court] will disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." Id.

Plaintiff is proceeding pro se. The court, therefore, reviews his pleadings and other papers liberally and holds them to a less stringent standard than those drafted by

attorneys. Trackwell v. United States Government, 472 F.3d 1242, 1243 (10th Cir. 2007). See Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (holding allegations of a pro se complaint to less stringent standards than formal pleadings drafted by lawyers). However, a pro se litigant's conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged or that a defendant has violated laws in ways that a plaintiff has not alleged. Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983). See Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (stating a court may not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf); Drake v. City of Fort Collins, 927 F.2d 1156, 1159 (10th Cir. 1991) (stating a court may not construct arguments or theories for the plaintiff in the absence of any discussion of those issues). The plaintiff's pro se status does not entitle him to application of different rules. Wells v. Krebs, 2010 WL 3521777, at *2 (D. Colo. Sept. 1, 2010).

**1. Eleventh Amendment Immunity**

First, defendants argue that plaintiff's claims should be dismissed against defendants to the extent they are brought against defendants in their official capacities. Defendants argue they have Eleventh Amendment immunity against such claims.

"It is well established that under the Eleventh Amendment, sovereign immunity prohibits federal courts from entertaining suits against states brought by their own citizens or citizens of another state without their consent." Hunt v. Colo. Dep't of Corr., 271 F. App'x 778, 780 (10th Cir. 2008) (citation omitted). To state a claim for relief

6

under 42 U.S.C. § 1983, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged depravation was committed by a *person* acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988) (emphasis added). State officials acting in their official capacities are not "persons" acting under color of state law for § 1983 purposes. McLaughlin v. Bd. of Trs. of State Colls. of Colo., 215 F.3d 1168, 1172 (10th Cir. 2000).

Accordingly, the court finds that plaintiff's claims should be dismissed against defendants to the extent plaintiff seeks money damages against defendants in their official capacities.

**2. Money Damages under the PLRA**

Next, defendants argue that plaintiff's claims seeking money damages should be dismissed because plaintiff has failed to allege a physical injury as required by the PLRA.

The Prison Litigation Reform Act, 42 U.S.C. § 1997e, provides in relevant part that a "prisoner confined in jail, prison, or other correctional facility" may not bring a federal civil action "for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). If the prisoner fails to allege or prove the requisite physical injury, § 1997e(e) prohibits claims for money damages. Perkins v. Kan. Dep't of Corr., 165 F.3d 803, 808 (10th Cir. 1999); Hughes v. Colo. Dep't of Corr., 594 F. Supp. 2d 1226, 1238 (D. Colo. 2009). A plaintiff's "prisoner" status under the PLRA turns on whether the plaintiff was confined at the time the suit was filed. See Jaros v. Ill. Dep't of Corr., 684 F.3d 667, 668 n.1 (11th Cir. 2012); Smith v. Torres, No. 05-cv-02640-EWN-MEH, 2006 WL 2621666, at *7 (D. Colo. Sept. 12,

7

2006).

There is no dispute that plaintiff was incarcerated when he filed this action. As such, plaintiff must meet the § 1997e(e) physical injury requirement. Plaintiff's Amended Complaint (Docket No. 14) does not contain any allegations that he suffered any physical injuries as the result of defendants' actions. Plaintiff is therefore prohibited from making any claims for money damages. See Cassidy v. Ind. Dep't of Corr, 199 F.3d 374, 376-77 (7th Cir. 2000) (holding the PLRA "physical injury" requirement applies to constitutional and nonconstitutional torts, including claims made under the ADA and Rehab Act); Bernard v. Wrenn, No. 07-cv-327-SM, 2009 WL 44205, at *1 (D.N.H. Jan. 6, 2009) (collecting cases holding that the PLRA applies to ADA claims).

**3. Injunctive and Declaratory Relief**

It appears that plaintiff's Amended Complaint only seeks monetary damages; plaintiff's request for relief does not include any specific injunctive or declaratory requests. In various other filings, however, plaintiff makes mention of possible injunctive and/or declaratory relief. Regardless, to the extent plaintiff is in fact seeking injunctive or declaratory relief, the court finds that those claims are moot by virtue of plaintiff's release from prison. See Green v. Brason, 108 F.3d 1296, 1299-1300 (10th Cir. 1997) (holding that release from prison moots claims for declaratory and injunctive relief); Docket Nos. 75 & 75-1 (indicating that on April 22, 2013, plaintiff was paroled).

**RECOMMENDATION**

The court has determined that defendants, in their official capacities, are immune from claims for monetary damages. Further, the court has determined that plaintiff is barred from making any claims for monetary damages under the PLRA. Finally, the court has determined that any claims for injunctive or declaratory relief are moot. Accordingly, the court recommends that plaintiff's Amended Complaint be dismissed in its entirety

**WHEREFORE,** for the foregoing reasons, it is hereby

**RECOMMENDED** that Defendants' Motion to Dismiss (Docket No. 46) be **GRANTED** and plaintiff's Amended Complaint (Docket No. 14) be dismissed in its entirety.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives de novo review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions.**

**Makin v. Colo. Dep't of Corr.**, 183 F.3d 1205, 1210 (10th Cir. 1999); **Talley v. Hesse**, 91 F.3d 1411, 1412-13 (10th Cir. 1996).

Date: May 14, 2013                s/ Michael J. Watanabe
      Denver, Colorado              Michael J. Watanabe
                                        United States Magistrate Judge